IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO JIMENEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2695 |
| | § | |
| ALICIA'S MEXICAN GRILLE, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Stay Proceedings and Compel Arbitration ("Motion to Compel Arbitration") [Doc. # 8] filed by Defendants Alicia's Mexican Grille, Inc. ("Alicia's") and David Herrera, to which Plaintiff Gerardo Jimenez filed a Response [Doc. # 9]. Based on the Court's review of the record and the application of governing legal authorities, the Court **grants** the Motion to Compel Arbitration.

## I.   BACKGROUND

Alicia's is a group of restaurants owned by David Herrera. Plaintiff alleges that he worked for Alicia's and was required to work in excess of forty (40) hours each week without being paid overtime compensation for those hours. Plaintiff alleges also that he was directed to provide false testimony is another overtime compensation

lawsuit against Alicia's and, when he refused to do so, his employment was terminated.

Defendants filed their Motion to Compel Arbitration, and attached a copy of the Mutual Agreement to Arbitrate as Exhibit A. Plaintiff opposes arbitration, asserting that the Mutual Agreement to Arbitrate is unenforceable because it is not supported by adequate consideration. The Motion to Compel Arbitration has been briefed and is ripe for decision.

## II.    ANALYSIS

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, arbitration is fundamentally a matter of contract and the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute. *See Rent-A-Center, West, Inc. v. Jackson*, __ U.S. __, 130 S. Ct. 2772, 2776 (2010); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Resources, Inc. v. Samson*

*Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted).  In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles.  *Id.*

Plaintiff argues that the Mutual Agreement to Arbitrate is unenforceable because it is not supported by adequate consideration.  The law in Texas is clearly established that mutual agreements to arbitrate disputes and to give up the right to litigate constitute adequate consideration for an arbitration agreement.  *See In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003).  The Mutual Agreement to Arbitrate is unequivocally a mutual agreement.  It provides that it is mutually binding on both the employee and the employer.  *See* Mutual Agreement to Arbitrate, Exh. A to Motion to Compel Arbitration [Doc. # 8], p. 1.  The recited consideration includes the various "promises and commitment[s] made in this Agreement."  *Id.*  The stated purpose of the Mutual Agreement to Arbitrate is "to provide *both the Company and* [*the employee*] a way in which claims or disputes may be resolved by binding arbitration rather than litigation . . . ."  *Id.* (emphasis added).  The Arbitration Procedure provides for the "Party seeking to arbitrate a dispute" to submit written notice of the dispute to the arbitrator, without limitation as to which party may seek the arbitration.  *Id.* at 2.  The Mutual Agreement to Arbitrate reflects that it is the "Parties' [plural] intention

and agreement to arbitrate all employment disputes."[1] *Id.* at 3. These provisions, as well as more general language in the Mutual Agreement to Arbitrate, establish that the arbitration agreement is mutual and binding on Defendants as well as on Plaintiff. As a result, the agreement is supported by adequate consideration.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Compel Arbitration [Doc. # 8] is **GRANTED**. The parties are directed to submit this dispute to arbitration pursuant to the terms of the Mutual Agreement to Arbitrate. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the completion of the arbitration process. It is further

**ORDERED** that the prevailing party in the arbitration shall file either a Motion to Confirm Arbitration Award with a proposed Final Order or a Motion to Dismiss this lawsuit within twenty-eight (28) days after the arbitration is completed.

SIGNED at Houston, Texas, this **12th** day of **October, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[1] It is uncontested that the dispute in this case is an employment dispute within the scope of the Mutual Agreement to Arbitrate.